## DELMOE, RESPONDENT, *v.* BAILEY ET AL., APPELLANTS.

(No. 2,368.)

(Submitted January 28, 1907. Decided February 2, 1907.)

(88 Pac. 662.)

*Appeal—Filing of Briefs—Rules—Laches—Specification of Errors.*

1. An appeal will be dismissed for failure of appellant to file brief within the time provided by Rule X, subdivision 2, where, in addition to the forty-five days allowed by the rule, the time within which to

file it had been extended by fifty-seven days, where the showing made by his counsel in opposition to a motion to dismiss was not such as to excuse or justify his laches, and where the brief, when filed, did not contain a specification of errors as prescribed by subdivision 3 of Rule X.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by Aquilino Delmoe against Maggie Bailey, administratrix of the estate of Frank Bailey, deceased, and others. Defendants appeal. Appeal dismissed.

*Mr. Jesse B. Roote,* and *Mr. Peter Breen,* for Appellants.

*Mr. E. B. Howell,* and *Mr. S. V. Stewart,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Respondent has submitted a motion to dismiss the appeal herein for failure of the appellants to file and serve their brief, as required by subdivision 2 of Rule X of this court (30 Mont. xxxvii, 82 Pac. ix).

The record was filed in this court on October 6, 1906. The appellants did not file their brief within forty-five days allowed, but obtained stipulations from respondent's counsel for two extensions of time, the last extension expiring on January 17th instant. Notice that the motion to dismiss would be submitted on January 28th was served on appellants' counsel on January 18th. On the 17th counsel for appellants submitted a motion, supported by affidavit, asking this court for another extension of twenty days. Consideration of the latter motion was deferred until hearing on the motion to dismiss. On the day following the submission of this motion appellants' counsel tendered their brief and asked that it be filed. The printed brief, we find upon examination, does not comply with the requirements of subdivision 3 of Rule X, *supra,* in that it contains no specification of errors intended to be urged.

The question for decision is: Are the circumstances such as to excuse the laches of appellants' counsel for their failure to file their brief? In addition to the time allowed by the rule, counsel had been allowed extensions amounting to fifty-seven days. Including the time elapsing from the date of notice of the motion to dismiss to the date of the tender of their brief, they had had seventy days in which to prepare and file it. Their excuse for this delay, set forth in the affidavit of Mr. Breen, one of counsel, is, in substance, that he and Mr. Roote are copartners; that Mr. Roote tried the case in the district court; that, during the time of trial, Mr. Breen was engaged in the trial of a cause elsewhere; that in the distribution of the business of the firm the duty to attend to this case and file the brief fell to Mr. Roote; that Mr. Breen did not know until the afternoon of January 16th that the brief had not been filed or that the time obtained by stipulation from respondent's counsel would expire on the following day; that he at once sought for further extension of time from respondent's counsel but failed to obtain it; that, since the filing of the record, Mr. Roote has been much engaged in litigation outside of this state; that on December 16, 1906, Mr. Roote was called to Pittsburg, Pennsylvania, on business of his own, but expected to return about January 1st; and that, by reason of the pressure of the business of the firm, and the absence of Mr. Roote from the state, the preparation of the brief was overlooked.

We do not think the facts appearing from the affidavit are sufficient to warrant a relaxation of the rule. So far as concerns Mr. Roote, it appears that he left the state without calling Mr. Breen's attention to the case. It was his duty, as Mr. Breen deposes, to look after the case, and when he was called away, he should have informed Mr. Breen of the fact that it needed attention. If unexpectedly delayed in his return, it became imperative that Mr. Breen should be informed. Why Mr. Roote has been silent does not appear. For all that appears in the affidavit, there is no excuse for his inattention nor any reason for the delay, though it be conceded that Mr. Breen is entirely without fault.

Whether Mr. Roote has been detained by business of a pressing nature, or by illness, or by pleasure, we are left to conjecture. Whether, prior to the time he left the state, his time was so occupied that he could not prepare the brief we are also left to conjecture, for the affidavit of Mr. Breen states only the conclusion that Mr. Roote's time was taken up by his attention to litigation elsewhere.

Furthermore, the brief, now that it is tendered, fails entirely to meet the requirements of the rule. In the regular order of business in this court, this cause would be set for hearing at a date within the coming two or three weeks. If the brief should be filed now, respondent would be put in such a position that he would be compelled to choose between having the cause displaced on the calendar, and preparing his brief in much less time than he is allowed under the rule. These facts, together with the absence of any evidence showing why Mr. Roote has not given his attention to the case, leave counsel without excuse or justification, and, under the circumstances, we think the appeal should be dismissed. This court has never refused to relax the rules upon reasonable application when a refusal would work a hardship, nor has it ever refused to relieve an appellant from the peril of dismissal when he has made out a case of excusable negligence, inadvertence, or mistake. But the rules were enacted to be obeyed, and obedience will be exacted in all cases where sufficient reason for relaxation of them does not appear. Let the appeal be dismissed.

*Appeal dismissed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE SMITH: The affidavit upon which the appellants moved for an extension of time in which to file a brief discloses a total lack of diligence and no excuse for failure to file the brief within the stipulated time. I therefore concur in the order dismissing the appeal. I am not, however, prepared to say that the brief tendered is not in substantial compliance with the rules.